```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
NAKUL KARKARE, M.D., Attorney-in-
Fact on behalf of Patient D.P.,
                                          MEMORANDUM & ORDER
              Plaintiff,                  21-CV-6983 (JS)(AYS)

     -against-

CIGNA LIFE AND HEALTH INSURANCE
COMPANY,

              Defendant.
---------------------------------X
APPEARANCES
For Plaintiff:     Robert J. Axelrod, Esq.
                   Axelrod LLP
                   1465 Fifth Avenue, Suite No. 7D
                   New York, New York  10035

For Defendant:     Patrick W. Begos, Esq.
                   Gregory James Bennici, Esq.
                   Robinson & Cole LLP
                   1055 Washington Boulevard, 5th Floor
                   Stamford, Connecticut  06901
```

SEYBERT, District Judge:

Cigna Life and Health Insurance Company ("Defendant") moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereafter "Rule"), to dismiss the Complaint of Nakul Karkare M.D. ("Plaintiff") (hereafter, the "Motion"). (See Motion, in toto, ECF No. 17.) For the reasons that follow, Defendant's Motion is GRANTED, and Plaintiff's Complaint is DISMISSED.

## BACKGROUND[1]

Plaintiff brings this action "on behalf of Patient D.P." (hereafter the "Patient") against Defendant. (See Compl.) Plaintiff asserts that he "received a Power of Attorney from the Patient." (Id. ¶ 26.) Previously, on March 27, 2019, Patient underwent surgery performed by two doctors affiliated with AA Medical P.C. (hereafter "AA Medical"). (Id. ¶ 4.) Plaintiff is also affiliated with AA Medical. (Id. ¶ 2.) Specifically, Patient underwent "a bilateral C7-T1 and T1-T2 laminoforaminotomy and medical facetectomy, and a bilateral laminotomy at C7-T1 and T1-T2." (Id. ¶ 4.) Subsequently, Plaintiff submitted an invoice to Defendant, of which Patient is a member. (Id. ¶ 12.) At all times, "AA Medical was an out-of-network provider." (Id. ¶ 3.) "Defendant paid $1,039.51, leaving an unreimbursed amount of $340,406.34[]." (Id.)

Defendant stated "[i]n its Explanation of Benefits (hereafter "EOB"), constituting its Adverse Benefit Determination, . . . that the 'charge exceeds fee schedule/maximum allowable or contracted/legislated fee arrangement." (Id. ¶ 13.) Plaintiff avers that "there is no fee schedule" and "no contracted fee arrangement" because Plaintiff is out-of-network. (Id. ¶¶ 14-15.) Plaintiff also asserts "[u]pon information and belief, there

---

[1] The following facts are taken from the Complaint and all inferences are drawn in favor of the Plaintiff.

2

is no legislated fee arrangement" and "the reimbursement amount paid to Plaintiff did not exceed the maximum allowable rate or fee arrangement under the plan." (Id. ¶¶ 16-17.)

Plaintiff alleges it "appealed to Defendant[, was] denied the appeal, and Plaintiff exhausted its administrative remedies." (Id. ¶ 19.) Plaintiff pleads in the alternative, "the appellate process was futile and Plaintiff was deemed to have exhausted Defendant's administrative remedies." (Id. ¶ 20.) Plaintiff avers that "Defendant did not provide the information required by 29 C.F.R. § 2560.503-1(g), in violation of" the Employee Retirement Income Security Act of 1974 ("ERISA") "and the rules promulgated thereunder." (Id. ¶ 23.)

> Specifically, Defendant failed to provide Plaintiff [with] the specific plan provisions on which the determination was based; a description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary; a description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under Section 502(a) of ERISA following an adverse benefit determination on review; and the specific rule, guideline, protocol, or other similar criterion used and that it may be requested free of charge.

(Id. ¶ 24.)

Plaintiff states that "Defendant violated its legal obligations under this ERISA-governed Plan when it under-

3

reimbursed Plaintiff for the surgeries provided to the Patient by Plaintiff, in violation of the terms of the Plan and in violation of ERISA." (Id. ¶ 28.)

## PROCEDURAL HISTORY

Plaintiff filed his Complaint on November 19, 2021. (See Compl.) Plaintiff seeks judgment against Defendant: (1) "[o]rdering Defendant to recalculate and issue unpaid benefits to Plaintiff;" (2) "[a]warding Plaintiff the costs and disbursements of this action, including reasonable attorneys' fees under ERISA, and costs and expenses in amounts to be determined by the Court;" (3) "[a]warding prejudgment interest;" and (4) "[g]ranting such other and further relief as is just and proper." (Id. at ¶ 31.)

On June 22, 2022, Defendant moved pursuant to Rule 12(b)(6) to dismiss the Complaint for failure to state a claim. (See Motion.) Plaintiff filed his Opposition on July 19, 2022 (Opp'n, ECF No. 19), and Defendant's Reply was filed on August 8, 2022 (Reply, ECF. No. 20.) On October 25, 2022, Defendant filed a Notice of Supplemental Authority in Support of its Motion indicating that Judge Brown had previously dismissed two similar cases filed by Plaintiff, as attorney-in-fact for other patients, for failure to state a claim. (Notice of Suppl. Auth., ECF No. 22.) Plaintiff responded to the Notice of Supplemental Authority on October 26, 2022. (Resp. to Suppl. Auth., ECF No. 23.)

4

DISCUSSION

I.  Legal Standard

   A.  Motion to Dismiss Pursuant to Rule 12(b)(6)

When considering a motion to dismiss under Rule 12(b)(6), the Court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Consequently, a complaint is properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." Twombly, 550 U.S. at 558. Similarly, a complaint is also properly dismissed "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Iqbal, 556 U.S. at 679. "Although all allegations contained in the complaint are presumed true" at the motion to dismiss stage, "this principle is 'inapplicable to legal conclusions' or '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

5

statements.'" Szewczyk v. City of N.Y., No. 15-CV-0918, 2016 WL 3920216, at *2 (E.D.N.Y. July 14, 2016) (alteration in original) (quoting Iqbal, 556 U.S. at 678).

## II. ANALYSIS

### A. Plaintiff Lacks a Cause of Action Under ERISA

Plaintiff fails to state a claim upon which relief can be granted because Plaintiff lacks a cause of action under ERISA Section 1132(a)(1)(B).[2] Pursuant to 29 U.S.C. § 1132(a), "[a] civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the plan." 29 U.S.C. § 1132(a)(1)(B). "The statute defines 'participant' as 'an employee or former employee . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan.'" Id. Beneficiary is defined by ERISA as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." Simon v. Gen.

---

[2] "Courts often refer to the internal statutory designations of ERISA rather than the sections at which the statutes are codified." United Ass'n of Journeymen and Apprentices of the Plumbing and Pipe Fitting Indus. of the U.S. and Can., AFL-CIO Local 188 Pension Fund v. Johnson Controls, Inc., No. 18-CV-0182, 2020 WL 5648135, at *1 n.1 (S.D. Ga. Sept. 20, 2020). In this Order, the Court will use the codified statutory designations, except where cited cases use the internal statutory designations which will remain unchanged.

6

Elec. Co., 263 F.3d 176, 177 (2d Cir. 2001) (quoting 29 U.S.C. § 1002(7)). The Supreme Court has "construed § 502 narrowly to permit only the parties enumerated therein to sue directly for relief." Id.; see also Am. Psychiatric Ass'n v. Anthem Health Plans, Inc., 821 F.3d 352, 359-60 (2d Cir. 2016) ("Courts have consistently read [this provision] as strictly limiting the universe of plaintiffs who may bring certain civil actions") (citing Connecticut v. Physicians Health Servs. of Conn., 287 F.3d 110, 121 (2d Cir. 2002)).

Here, Plaintiff purports to bring this action on behalf of the Patient as the Patient's Attorney In-Fact. Plaintiff acknowledges that the Patient has not executed a valid assignment of Patient's claim; but Plaintiff alleges that he "received a Power of Attorney from the patient." (Compl. ¶ 26.) However, "[i]n this circuit, a power of attorney is insufficient for a provider to bring suit on behalf of a patient under ERISA." Karkare on behalf of JP v. Aetna Life Ins. Co., No. 21-CV-7152, 2022 WL 17787619 (Nov. 7, 2022) (citing Am. Psychiatric Ass'n, 821 F.3d at 359-60 (E.D.N.Y. Nov. 7, 2022)). As such, while "a valid and binding assignment of a claim (or a portion thereof) . . . may confer standing on the assignee" the mere "right or ability to bring suit" does not. Am. Psychiatric Ass'n 821 F.3d at 360 (holding that courts "cannot expand the congressionally-created statutory list of those who may bring a cause of action by imposing

7

third-party prudential considerations" and finding that plaintiffs who lacked a valid assignment from the underlying patients in that case, "lack[ed] a cause of action under ERISA's § 502(a)(3), irrespective of whether they may stand in the shoes of their patients in other matters").

Medical Society of New York, is instructive.  In that case, a healthcare provider argued that, notwithstanding the anti-assignment provision in two patients' healthcare plans, the provider could pursue the claim "as the 'authorized representative' or 'attorney-in-fact' for [the] [p]atients." Med. Soc'y of N.Y. v. UnitedHealth Grp. Inc., No. 16-CV-5265, 2017 WL 4023350, at *6 (S.D.N.Y. Sept. 11, 2017).  In dismissing the provider's claim, the district court cited American Psychiatrists' clear prohibition on courts expanding the universe of parties who can bring a cause of action under ERISA and noted that "[a]bsent a valid assignment of [the patient's] claims, [the provider] lack[ed] a cause of action under ERISA." Id. at *7.

Moreover, as detailed in Defendant's notice of supplemental authority, Plaintiff has filed multiple cases in this District alleging similar causes of action under ERISA, with each predicated upon Plaintiff's receipt of a power of attorney from the underlying patient. See Nakul Karkare, M.D., Att'y in Fact on Behalf of Patient JN v. Int'l Ass'n of Bridge, Structural, Ornamental & Reinforcing Iron Workers Local 580, No. 2:22-cv-05988

8

(E.D.N.Y.) (hereafter "Iron Workers"); Nakul Karkare, M.D., Att'y in Fact on Behalf of Patient DB v. Raymours Furniture Co., Inc., No. 2:22-cv-05014 (E.D.N.Y.) (hereafter "Raymour's Furniture" and, together with Iron Workers, the "Judge Brown Cases"). In dismissing those cases, Judge Brown first issued an Order to Show Cause stating that:

> In light of the requirement that a physician must demonstrate a valid assignment of a claim from a beneficiary to maintain a cause of action for unpaid benefits under ERISA, plaintiff is directed to show cause why this matter should not be dismissed for failure to plausibly allege a valid assignment.

(See Judge Brown Cases, October 19, 2022 Elec. Orders to Show Cause.)

In response, Plaintiff argued that "[a] Power of Attorney is a legitimate alternative to an assignment of benefits, especially where there is an anti-assignment provision in the plan documents." (Iron Workers, Letter in Resp., ECF No. 7; Raymour's Furniture, Letter in Resp., ECF No. 9.) In support of its position, Plaintiff relied on out-of-circuit authority. (Id.) In dismissing both cases, Judge Brown found:

> Plaintiff responded [to the Court's Order to Show Cause by] citing a string of out of circuit authority in support of the proposition that a power of attorney alone is sufficient to establish standing. In the Second Circuit, however, a power of attorney is insufficient to allow a physician to maintain a cause of action on behalf of a patient under ERISA. . . . Due to plaintiff's

9

> failure to allege a valid assignment, this case must be DISMISSED.

(See Judge Brown Cases, October 28, 2022 Elec. Orders Dismissing Cases.)

In response to Defendant's Notice of Supplemental Authority, Plaintiff counters that Judge Brown misapprehended Second Circuit case law in that no Second Circuit court has dismissed an action "based on the existence of a power of attorney, or [] that a power of attorney could not be used for ERISA standing." (Resp. to Suppl. Auth. at 2.) Plaintiff makes similar arguments in its Opposition, noting that "[t]he Complaint alleges that Plaintiff brought this action as Attorney-in-Fact on behalf of the Patient," (Opp'n at 10), and that, as a result, cases in which courts have dismissed claims brought by physicians through a power of attorney previously are inapposite, since in those cases "the plaintiff [physician] brought the case[] on his own behalf, and in his own name." (Id. at 10; see also Resp. to Suppl. Auth. at 2 (stating that in this case, "[Plaintiff] does not bring the suit in his own name [but as] . . . attorney-in-fact on behalf of [the] Patient [], pursuant to a power of attorney.").) Defendant highlights that "the Complaint clearly distinguishes between Dr. Karkare as the 'Plaintiff' and D.P. as the 'Patient,' and differentiates between the actions and interests of the two." (Reply at 1-2.) The Court agrees.

10

Here, Plaintiff's argument is belied by the fact that the Complaint is written in such a way that Plaintiff is, in fact, suing in his own right and for his own benefit. For example, the Complaint identifies Plaintiff as "a surgeon affiliated with AA Medical" whose "principal place of business is Stony Brook, New York." (Compl. ¶ 9.) The Complaint elaborates that "Plaintiff's co-surgeons" performed medical procedures "on the patient" and that "[a]fter performing this medically necessary surgery, Plaintiff submitted an invoice on a CMS-1500 form." (Id. at ¶ 4.) Further the Complaint alleges that "Plaintiff billed $341,445.85" and that Defendant underpaid the invoice. (Id.) Plaintiff is further described as "out-of-network with Defendant." (Id. at ¶ 3.) Plaintiff does not allege, as noted by Defendant, that the Patient in this case paid for the procedure, or that the patient is obligated to pay the unreimbursed amounts to Plaintiff. Moreover, as ultimate relief, the Complaint seeks, inter alia, "judgment in its favor against Defendant . . . Ordering Defendant to recalculate and issue unpaid benefits to Plaintiff." Without alleging facts as to why the Patient in this case would be obligated to pay AA Medical the unreimbursed amounts for the surgery, or that Patient cannot do so, it strikes the Court as curious that if Plaintiff was not suing on his own behalf and for his own benefit why the relief sought in the Complaint would be to

11

the benefit of Plaintiff, and the associated medical association, and not to the Patient directly.

Based on its reading of the Complaint, the Court finds that Plaintiff is bringing this action on his own behalf, and for his own benefit, and is attempting to side-step the anti-assignment provision in the Patient's healthcare plan through use of a power of attorney. Consequently, the Court finds that Plaintiff cannot state a claim upon which relief can be granted because, without a valid assignment of Patient's claim, he lacks a cause of action under ERISA Section 1132(a)(1)(B).

B.  Plaintiff's Other Arguments

Based upon the Court's finding that Plaintiff fails to state a claim upon which relief can be granted, the Court does not address the remainder of Plaintiff's arguments.

CONCLUSION

For the stated reasons, **IT IS HEREBY ORDERED that** Defendant's motion to dismiss (ECF No. 17) is GRANTED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March 30, 2023
       Central Islip, New York